**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| | * | Case No. 3:26 cr 52 |
| United States of America, | * | |
| | * | |
| Plaintiff, | * | Judge Jeffrey J. Helmick |
| | * | |
| vs. | * | |
| | * | |
| Shannon Mathre, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

---

**DEFENDANT'S MOTION TO SEVER**

---

The Defendant, Shannon Mathre, by and through counsel, Neil S. McElroy and Ryan Parker, moves this Court for an order severing counts one and two. The government has charged Mr. Mathre – in one indictment – with threatening the life of the vice president (18 U.S.C. § 871(A)) and receipt and distribution of child pornography (18 U.S.C. § 2252(a)(2)). These offenses are misjoined as a matter of law.

The rule permitting joinder of offenses provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether

> felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> Fed.R.Crim.P. 8(a)

Here, the offenses are not of the same or similar character. Nor, for that matter, are they based on the same act or transaction. Moreover, they are not connected with or constitute parts of a common scheme or plan.

As it relates to severance, the Sixth Circuit makes clear that the matter must be raised before trial. "A defendant must move for severance based on misjoinder before trial or waive the objection. Fed.R.Crim.P. 12(b)(5). See, e.g., *United States v. Swainson*, 548 F.2d 657, 661 (6th Cir.1977); *United States v. Papadakis*, 510 F.2d 287 (2d Cir.), cert. denied, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975). While it is true that courts should construe the rule in favor of joinder, "failure to meet the requirements of the rule may constitute misjoinder as a matter of law. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). The allegations in the indictment determine whether joinder was proper." *Id*. "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011) (quoting *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). Here it is apparent, from the face of the indictment and the character of the separate offenses, that joinder of the offenses constitutes misjoinder as a matter of law. As such, the charges must be severed.

Alternatively, Mr. Mathre moves to sever the charges contained in the indictment in accordance with Fed.R.Crim.P. 14. That rule provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed.R.Crim.P. 14.

In determining whether joinder or consolidation for trial appears to prejudice a defendant, the Sixth Circuit has noted that one consideration is whether evidence of one offense would be admissible in a trial on the other offense. See e.g. *United States v. Lane*, 474 U.S. 438, 450 (1986). In this case, evidence of Mr. Mathre's alleged threat against the vice president of the United States would not be admissible in a trial solely on the charge of receipt and distribution of child pornography. The same is true of the converse.

Additionally, the failure to sever the charges would result in prejudice to Mr. Mathre. A jury trial for both offenses would present the very real danger of the jury determining that if he is guilty of one, what is the harm of a conviction for both. More, Mr. Mathre may wish to testify on his own behalf as it relates to one count, and not the other. Failure to sever would deny him his constitutional right to testify on his own behalf on one charge, and his constitutional right to remain silent as to the other.

While it is Mr. Mathre's position that the offenses are misjoined as a matter of law, the additional concerns addressed by Fed.R.Crim.P 14 countenance, inexorably, severance of the offenses.

Respectfully submitted,

/s/ Ryan Parker
Ryan Parker (0078131)

&

/s/ Neil S. McElroy
NEIL S. McELROY (0077087)

Neil S. McElroy
1119 Adams Street, 2ND Floor
Toledo, Ohio 43604
(419) 243-3800
Fax: (419) 243-4046

**CERTIFICATION**

This is to certify that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ Neil S. McElroy